IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTINA KAY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:13–CV–24 |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kristina Kay Harris ("Harris") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. Specifically, Harris alleges that the Administrative Law Judge ("ALJ") erred by not affording parts of her treating psychiatrist's opinion more weight, failing to properly account for her obesity, and improperly discrediting her testimony. I conclude that substantial evidence supports the Commissioner's decision on all grounds. Accordingly, I **RECOMMEND DENYING** Harris's Motion for Summary Judgment (Dkt. No. 13), and **GRANTING** the Commissioner's Motion for Summary Judgment. Dkt. No. 15.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Harris failed to demonstrate that she was disabled

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

1

under the Act.[2]  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted).  The final decision of the Commissioner will be affirmed where substantial evidence supports the decision.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Harris protectively filed for SSI on August 28, 2009, claiming that her disability began the same day. R. 13.  The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 57–67, 68–80.  On May 3, 2011, ALJ Geraldine H. Page held a hearing to consider Harris's disability claim. R. 31–55.  Harris was represented by an attorney at the hearing, which included testimony from Harris and vocational expert Robert Jackson. R. 31–55.

On July 21, 2011, the ALJ entered her decision analyzing Harris's claim under the familiar five-step process, and denying Harris's claim for benefits.[3]  R. 13–25.  The ALJ found

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work.  Rather, a claimant must show that her impairments prevent engaging in any and all forms of substantial gainful employment given the claimant's age, education, and work experience.  See 42 U.S.C. §1382c(a)(3)(B).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask,  in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983).  The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 416.920(a)(4).  The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability.  The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

that Harris suffered from the severe impairments of obesity, diabetes mellitus II, back disorder, major depressive disorder, generalized anxiety disorder, and post traumatic stress disorder. R. 15. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R.16. The ALJ determined that Harris retained the residual functional capacity ("RFC") to perform light work, but is limited to lifting and carrying twenty pounds occasionally and ten pounds frequently; standing, walking, and sitting for six hours in an eight hour workday; and frequently climbing stairs and ramps, balancing, kneeling, crawling, stooping, and crouching. The ALJ further found that Harris was limited to work with less than concentrated exposure to hazardous machinery, unprotected heights, and climbing ladders, scaffolds, or ropes. Harris was also limited to work with simple, routine, repetitive, unskilled tasks with only superficial contact with coworkers and supervisors, and no contact with the public. R. 17.

Given the above RFC, the ALJ determined that Harris could return to her past relevant work as a housekeeper (R. 21), and that Harris could also work at other jobs that exist in significant numbers in the national economy such as inspector/grader, packer, and mail clerk. R. 25. Thus, the ALJ concluded that she was not disabled. R. 25. On November 21, 2012, the Appeals Council denied Harris's request for review (R. 1–5), and this appeal followed.

## ANALYSIS

Harris argues that the ALJ erred by 1) failing to give greater weight to the opinion of her treating psychiatrist, Shelley McIntyre, M.D., 2) failing to properly consider the impact of her obesity on her functional capacity; and 3) finding her subjective testimony to be less than fully credible. Having reviewed the record as a whole, I find that substantial evidence supports the

ALJ's decision on each ground, and recommend affirming the final decision of the Commissioner.

**<u>Treating Psychiatrist</u>**

Harris alleges that the ALJ erred by failing to give greater weight to the opinion of her treating psychiatrist, Shelley McIntyre, M.D.[4]  On March 31, 2011, Dr. McIntyre completed a medical source statement in which she rated Harris' mental abilities and aptitude required to do unskilled work to be either good or fair,[5] on a scale that included "none, poor, fair, good and unlimited." R. 519–23.  Dr. McIntyre found that Harris had good ability to perform many tasks, and fair ability to maintain attention for a two hour segment, work in coordination with others without being unduly distracted, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers without unduly distracting them, and deal with normal work stress. R. 520.  As explanation for her findings, Dr. McIntyre wrote that Harris "has some bereavement issues, PTSD [symptoms], MDD recurrent, and insulin dependent diabetes." R. 520.  Dr. McIntyre concluded that Harris had fair mental abilities and aptitudes needed to do semiskilled and skilled work, and good mental abilities and aptitudes needed to do particular types of jobs.  R. 521. Dr. McIntyre noted that Harris will need to check her blood sugar at work (for diabetes), and needs a supportive environment and instruction. R. 521.  Dr. McIntyre further found that Harris would be absent from work approximately once a

---

[4] Harris suffers from numerous severe impairments, and her medical records encompass both physical and mental conditions.  Harris raises discrete issues in this appeal, mainly related to her mental status and ability to concentrate; accordingly, only the medical records pertaining to the issues raised are examined and discussed in this opinion.

[5] The form defines "fair" as limited but satisfactory. R. 519.

4

month, and would suffer "at times" from a marked loss of ability to concentrate secondary to depression.[6] R. 521.

The ALJ gave weight to Dr. McIntyre's opinions, but did not give significant weight to her conclusion that Harris would suffer "at times" from a marked loss of ability to concentrate secondary to depression. R. 23. Harris contends that Dr. McIntyre's finding regarding her concentration was entitled to greater weight, and that a marked loss of ability to concentrate would significantly impact her ability to perform gainful employment.

A treating physician's opinion is not automatically entitled to controlling weight. Treating physicians' opinions are given controlling weight only if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give "good reasons" for not affording controlling weight to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); Saul v. Astrue, Civ. Action No. 2:09-cv-1008, 2011 WL 1229781 (S.D. W.Va. March 28, 2011). Further, if the ALJ determines that a treating physician's medical opinion is not deserving of controlling weight, the following factors must be considered to determine the appropriate weight to which the opinion is entitled: (1) the length of treatment and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the opinion's support by medical evidence; (4) the opinion's consistency with the record as a whole; and (5) the treating physician's specialization. 20 C.F.R. §§ 404.1527(c)(2)-(5). "None of these factors may be omitted or disregarded by the ALJ in weighing the value of a treating physician's

---

[6] The form reflects that Dr. McIntyre checked both "yes" and "no" to the question "[d]oes the patient suffer from a marked loss of ability to concentrate secondary to depression," and wrote "at times" above the "yes" answer. R. 521. At the hearing before this Court, the parties interpreted the form to indicate that Dr. McIntyre initially checked the answer "no," and then subsequently checked "yes," writing in the qualifier "at times."

5

opinion." Ricks v. Comm'r, No. 2:09cv622, 2010 WL 6621693, at *10 (E.D. Va. Dec. 29, 2010).

Here, the ALJ appropriately considered the factors set forth above and the record as a whole in giving great weight to the majority of Dr. McIntyre's opinion, but little weight to Dr. McIntyre's opinion that Harris suffers from marked loss of ability to concentrate "at times." Although labeled Harris's "treating" psychiatrist, Dr. McIntyre examined Harris only once prior to rendering her opinion. R. 522. Thus, the length, frequency, nature and extent of the treatment relationship do not support giving Dr. McIntyre's opinion great weight.

Additionally, Dr. McIntyre's opinion, taken as a whole, does not support a finding of disability. Although Dr. McIntyre found that Harris had a marked loss of ability to concentrate "at times," she nonetheless concluded that Harris retained satisfactory mental abilities and aptitudes needed to do unskilled, semiskilled and skilled work, as well as particular types of jobs. R. 519–21. Thus, Dr. McIntyre's opinion, considered in its entirety, reflects that Harris's difficulty concentrating "at times" did not prevent her from having fair to good ability to perform work-related activities.

The ALJ's conclusion is also supported by the record as a whole, which reflects that Harris is capable of performing simple, routine, repetitive, unskilled tasks. Harris's mental status examinations generally revealed no cognitive deficits (R. 245, 253, 366, 368, 370), linear and intact thought processes (R. 245, 253, 319, 336, 368, 370, 373, 377), intact memory and concentration (R. 254, 319).

The ALJ's conclusion is consistent with the other medical opinion evidence in the record. On June 8, 2009, Maurice Fisher, Ph.D., completed a mental limitations assessment of Harris, and noted that she had no impairments in her ability to sustain concentration and attention, aside

6

from a moderate impairment in the ability to maintain customary work pace and complete tasks in a timely manner throughout the eight hour workday. R. 322–23. State agency psychologist, Richard Milan, Jr. Ph.D., reviewed Harris's records as of October 17, 2009, and concluded that she had, at most, moderate limitations in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance; and be punctual. R. 57–66. Dr. Milan found Harris capable of simple, unskilled light work. R. 65.

State agency physician Louis Perrot, Ph.D. performed a mental limitations assessment of Harris on February 25, 2010, and found that Harris had "sustained concentration and persistence limitations," specifically, that her ability to carry out detailed instructions ability to maintain concentration for extended periods, ability perform activities within a schedule, maintain regular attendance and be punctual, and ability to complete a normal workday were moderately limited. R. 75. Dr. Perrot provided additional explanation, stating that Harris had the ability to concentrate and persist at simple work duties, and complete tasks within a schedule and under ordinary supervision. R. 75. He further stated,

> [t]he claimant remains capable of understanding and remembering instructions, concentrating, persisting at work duties to completing, interacting appropriately with people, and adapting to changing activities within the workplace. Evidence indicates that the claimant is able to meet the basic mental demands of competitive work on a regular, ongoing basis, despite the limitations arising from her impairment.

R. 76.

Thus, although the records document that Harris suffers from severe mental disorders, they further reflect that she suffers only moderate limitations in her ability to concentrate. Drs. McIntyre, Milan and Perrot all concluded that, despite Harris's moderate limitations in concentration, she is capable of meeting the basic mental demands of unskilled, simple work.

7

R. 57–66, 76, 521. The ALJ considered all of the opinions set forth above, along with the records as a whole, and accounted for Harris's mental disorders and moderate limitations with concentration by limiting her to simple, routine, repetitive, unskilled tasks. See Gullace v. Astrue, Civ. Action No. 1:11cv0755, 2012 WL 691554, at *21 (E.D. Va. Feb. 13, 2013) (ALJ properly found that plaintiff with moderate difficulties in maintaining concentration, persistence or pace was capable of performing routine, repetitive, unskilled light work with little interaction with coworkers or the public); see also Fisher v. Barnhart, 181 F. App'x. 359, 364 (4th Cir. May 16, 2006) (ALJ properly accounted for claimant's moderate difficulty maintaining concentration, persistence and pace by limiting claimant to simple tasks). Accordingly, I find that substantial evidence supports the ALJ's treatment of Dr. McIntyre's opinion.

**Obesity**

Harris argues that the ALJ failed to properly consider whether her obesity exacerbates the impact of her impairments at steps 4 and 5 of the sequential evaluation. Specifically, Harris claims that her obesity exacerbates her back disorder and diabetes, and further restricts her ability to stand, sit, and walk.

The regulations require the ALJ to consider the combined effects of obesity with other impairments and to consider the effects of obesity at steps two through five of the sequential disability evaluation. Social Security Ruling ("SSR") 02-1p, 2000 WL 628049; Greenway v. Astrue, 6:12cv00005, 2013 WL 4929931 at *6–*7 (W.D. Va. Sept. 13, 2013); see also Barr v. Astrue, 5:10cv00074, 2011 WL 3420844, at *5–*6 (W.D. Va. Aug. 4, 2011). There is no requirement in the regulations that the ALJ include a lengthy or precise analysis of obesity in the opinion. Richards v. Astrue, 6:11CV00017, 2012 WL 5465499, at *6 (W.D. Va. July 5, 2012) (internal citations omitted). Rather, courts have found that the ALJ may rely upon medical

8

records which adequately show a claimant's obesity and adopt the conclusions of doctors who are aware of the claimant's obesity. Id.; see also Martin v. Barnhart, 5:10CV00102, 2012 WL 663168, at *5 (W.D. Va. Feb. 29, 2012) report and recommendation adopted sub nom. Martin v. Astrue, 5:10CV00102, 2012 WL 994903 (W.D. Va. Mar. 23, 2012) (rejecting the claim that the ALJ failed to properly consider obesity where the ALJ discussed the claimant's testimony and took note of the medical opinions of record regarding her weight).

Furthermore, to challenge an ALJ's obesity analysis, the claimant must advance additional, obesity-related functional limitations not accounted for by the ALJ in his determination of the claimant's RFC. Matthews v. Astrue, 4:08CV00015, 2009 WL 497676, at *4 n.4 (W.D. Va. Feb. 27, 2009); see also Phelps v. Astrue, 7:09CV0210, 2010 WL 3632730, at *7 (W.D. Va. Sept. 9, 2010). That is, Harris must provide medical evidence establishing functional limitations caused by her obesity that are not addressed in the RFC. Richards, 2012 WL 5465499, at *13; see also Barr v. Astrue, 510cv00074, 2011 WL 3420844, at *6 (W.D. Va. Aug. 4, 2011) (finding that the plaintiff's high BMI did not obligate the ALJ to include a more detailed analysis in the RFC determination).

In this case, the ALJ properly considered and accounted for Harris's obesity. The ALJ expressly noted Harris's obesity and/or height and weight at steps two, three and four of her sequential analysis, and concluded that Harris's obesity was a severe impairment. R. 15–17, 21. The ALJ specifically noted that obesity may increase the severity of coexisting or related impairments and stated that she considered the cumulative effects of Harris's obesity. R. 16, 21. The ALJ found that Harris's obesity, in combination with her diabetes and back disorder, limited her mobility, ability to lift and carry heavy objects, ability to perform postural activities continuously, and ability to work in certain environments. R.17.

Additionally, in determining Harris's RFC, the ALJ relied on the medical records of Ayesha Nazli, M.D., Lavonne Pruitt, F.N.P., Vera Kamenskaia, M.D., and Joni Coke, D.O., which repeatedly note Waller's height, weight and BMI. R. 232–40, 340–43, 477–78, 544–52, 586–81, 598. Thus, the ALJ satisfied her duty to consider the cumulative effect of Harris's obesity, together with her other severe impairments. The medical records do not demonstrate that Harris's obesity caused significant limitations in her work activities other than those identified by the ALJ and accounted for in her RFC. Thus, the ALJ properly accounted for the limitations arising from Harris's obesity in her RFC analysis.[7]

**Credibility**

Finally, Harris argues that the ALJ erred by finding her testimony regarding her subjective pain complaints to be less than fully credible. Specifically, Harris alleges that the ALJ's decision regarding credibility is not supported by substantial evidence, and that the ALJ failed to provide specific reasons for finding her less than credible, in violation of SSR 96-7p.[8]

At the administrative hearing, Harris testified that her back pain prevents her from walking more than a block, and that she can only stand or sit for five minutes before needing to

---

[7] The cases cited by Harris in support of her obesity arguments are distinguishable. In Davis v. Astrue, 7:09CV00200, 2010 WL 424144, at *5 (W.D. Va. Feb. 3, 2010), "the Law Judge made absolutely no reference to plaintiff's marked obesity in his opinion adjudicating the claim for supplemental security income benefits." By contrast, the ALJ in this case specifically noted that she had considered the cumulative effects of Harris's obesity and relied upon the medical opinions of the state agency doctors, as suggested by Richards v. Astrue, 6:11cv17, 2012 WL 5465499, at * 6 (W.D. Va. July 5, 2012). Harris also cites Bradberry v. Astrue, 7:11cv235, 2011 WL 6296728, at *4 (W.D. Va. Dec. 15, 2011), which does not find that the ALJ failed to consider obesity, but instead holds that the ALJ erred by relying upon the plaintiff's failure to follow prescribed treatment for obesity to deny benefits. Id.

[8] Social Security Ruling 96-7p provides that when assessing the credibility of an individual's statements, it is not sufficient for the adjudicator to make a single, conclusory statements or simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. SSR 96-7p, 1996 WL 374186.

change positions. R. 45–46. Harris also claimed that she needs to lie down at least three times a day for five minutes, she is easily fatigued, is always tired and has trouble sleeping. R. 47–49. She further testified that she has difficulty being around others, is overwhelmed when in public, and is nervous all of the time. R. 49–51.

The ALJ found that while Harris's medically determinable impairments could reasonably be expected to cause the alleged symptoms; her statements concerning the intensity, persistence and limiting effects of those symptoms are partially credible when compared with the objective evidence of record. R. 18. Specifically, the ALJ noted that Harris's objective medical evidence, her treatment history, and her daily activities do not fully support her allegations regarding the severity of her functional limitations. R. 21–24.

The ALJ did not fail, as Harris claims, to provide specific reasons for finding her only partially credible. The ALJ explicitly stated that she considered Harris's "subjective complaints with regard to pain, precipitating and aggravating factors, medications and other treatment, any functional restrictions, and the claimant's daily activities." R. 21. As part of the credibility analysis, the ALJ provided a summary of Harris's hearing testimony, examined her medical records in detail, and reviewed her activities of daily living. R. 18–24.

Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06CV00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)). The ALJ is charged with weighing all of the evidence and assessing the claimant's credibility, and a

11

claimant's subjective allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges." Hines v. Barnhart, 453 F.3d 559, 565 n.3 (citing Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996)).

Here, the ALJ's credibility determination is supported by substantial evidence and should not be disturbed. The objective medical evidence reveals a conservative course of treatment for Harris's back pain, consisting of physical therapy and anti-inflammatory medication. R. 342–43, 379–472, 524–36, 583–84. Harris's physical examinations have been largely unremarkable (R. 342, 584) and Harris has been consistently noncompliant with diabetic treatment recommendations. R. 232, 267, 269, 282–83, 340–41, 544, 593–94.

The ALJ did not assert that Harris was pain-free. To the contrary, the ALJ found that Harris suffers from severe conditions that greatly limit her ability to function. The ALJ accounted for the limitations imposed by Harris's conditions by limiting her to very restricted range of light work. The ALJ's opinion reflects adequate consideration of the functional limitations caused by Harris's conditions, and because substantial evidence supports the ALJ's determination of Harris's credibility, I cannot recommend reversal or remand on this basis.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that an order be entered **AFFIRMING** the final decision of the Commissioner, **GRANTING** summary judgment to the defendant, **DENYING** plaintiff's motion for summary judgment, and **DISMISSING** this case from the court's docket.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United

States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof.  Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter:  July 29, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge