IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTINA KAY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:13cv00024 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 29, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

### I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that

> was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F.

2

App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.

In her objections to the report and recommendation, Harris takes issue with the following findings of the magistrate judge: (1) that the Administrative Law Judge's (ALJ) decision not to give great weight to Dr. McIntyre's opinion that Harris suffers from a marked loss of her ability to concentrate is supported by the record; (2) that the ALJ properly considered and accounted for plaintiff's obesity; and (3) that the ALJ's credibility findings were supported by substantial evidence. These are essentially the same three arguments Harris raised before the magistrate judge on summary judgment. The portions of Harris' objections that simply reiterate arguments previously advanced are construed as general objections to the report and recommendation. See Veney, 539 F. Supp. 2d at 844-46. To the extent Harris objects to specific findings by the magistrate judge, however, the court has conducted a de novo review of those portions of the report and sets forth its findings below.

3

# A.[1]

First, with respect to Dr. McIntyre's opinion, the ALJ stated:

> [Her 2011 Medical Opinion re: Ability to Do Work-Related Activities (Mental)] has been given weight as it is generally consistent with the residual functional capacity established herein. She found that the claimant had satisfactory ability in all functional areas, which is supported by the findings upon mental status examinations and her daily activities. However, her indication that the claimant would suffer from a marked loss of ability to concentrate secondary to depression at times, has not been given significant weight as she did not specify how often or how long; and, the undersigned must take note of all the satisfactory areas and the fact that her concentration and memory skills were generally within normal limits upon examination.

(Administrative Record, hereinafter "R." 23.) Harris takes issue with the magistrate judge's finding that substantial evidence supports the weight the ALJ gave to Dr. McIntyre's opinion, specifically with respect to Harris' concentration, arguing "the fact that Dr. McIntyre may have only examined plaintiff one time before rendering her opinions is not a basis for rejecting her opinion." Pl.'s Objections, Dkt. # 22, at 1. On the contrary, however, the Commissioner can consider the length of the treatment relationship and frequency of examination in determining what weight to give a medical source opinion.

> Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

20 C.F.R. § 416.927(c)(2)(i). Moreover, the magistrate judge did not rely solely on the length of the treating relationship in concluding the ALJ's decision to reject this portion of Dr. McIntyre's opinion is supported by substantial evidence. As the magistrate judge explained, Dr. McIntyre's

---

[1] Detailed facts about Harris' impairments and medical and procedural history can be found in the report and recommendation (Dkt. # 21) and in the administrative transcript (Dkt. # 8). As such, they will not be repeated here.

4

opinion, taken as a whole, does not support a finding of disability. Indeed, Dr. McIntyre indicated that Harris has either "good" or "fair" (meaning satisfactory) mental abilities and aptitudes needed to work. (R. 519-21.) As support for her findings, Dr. McIntyre indicated Harris "has some bereavement issues, PTSD [symptoms], MDD recurrent moderate, insulin dependent diabetes mellitus." (R. 520.) In a follow-up question, Dr. McIntyre was asked: "Does the patient suffer from a marked loss of ability to concentrate secondary to depression?" Her answer is somewhat unclear; there is an "x" in both the "Yes" and "No" blanks, and above the word "Yes" she wrote the words "at times" with a line that slightly crosses through the word "Yes." (R. 521.) Regardless, Dr. McIntyre plainly opined throughout this form that Harris has, at the very least, a satisfactory ability to meet the mental demands of work. As the magistrate judge pointed out, Maurice Fisher, Ph.D., found Harris had no impairment in her ability to maintain attention and concentration throughout an 8 hour workday. (R. 322.) Likewise, a mini-mental exam conducted on August 5, 2009 shows no abnormalities in memory or concentration. (R. 254.) The reviewing state agency physicians found that Harris is no more than moderately limited in maintaining attention and concentration for extended periods (R. 62, 75).[2] And progress notes from February 2010 reported significant improvement in Harris' concentration. (R. 326.) To the extent Dr. McIntyre did indeed indicate that Harris may, "at times," have a marked loss of ability to concentrate, substantial evidence in the record supports the ALJ's decision not to give this portion of Dr. McIntyre's opinion significant weight.

---

[2] In her objections, Harris argues that the opinions of the state agency physicians should not be given greater weight than the opinions of Dr. McIntyre because the state agency physicians have never actually examined Harris. Pl.'s Objections, Dkt. # 22, at 2. As noted supra, length and frequency of a treatment relationship is but one factor to be considered in determining the weight to give a medical source opinion. 20 C.F.R. § 416.927(c). Additionally, the ALJ pointed out that the opinions of the state agency physicians are consistent with the findings upon mental status examinations, which included no cognitive deficits and intact memory and concentration, with Harris' daily activities, and with her course of treatment. (R. 23.)

5

**B.**

Harris next takes issue with the magistrate judge's finding that the ALJ properly considered and accounted for plaintiff's obesity, arguing the ALJ "did not provide sufficient analysis as to her findings regarding the impact of plaintiff's ability on her [residual functional capacity]." Pl.'s Objections, Dkt. # 22, at 2. However, as the magistrate judge aptly notes, "there is no requirement in the regulations that the ALJ include a lengthy or precise analysis of obesity in the opinion." Report & Recommendation, Dkt. # 21, at 8. As required by Social Security Ruling 02-1p, the ALJ evaluated Harris' obesity at steps 2 through 5 of the sequential evaluation process. The ALJ found obesity to be a severe impairment (R. 15) and specifically noted that the cumulative effects of obesity had been considered at each stage of the analysis (R. 16). Moreover, with respect to Harris' residual functional capacity, the ALJ stated:

> At the hearing, the claimant gave her height as 5'9" and weight as 250 pounds. Although her obesity most likely contributes to the diabetes, hypertension, and hypercholesterolemia, there is no evidence of end-organ damage. It also most likely contributes to her pain complaints, but findings upon musculoskeletal and neurological examinations have been rather benign, and treatment has been rather conservative. She has not been placed on a narcotic pain medication regimen, which suggests that her pain is not of undue severity.
>
> The claimant's obesity has been taken into consideration when determining the residual functional capacity established herein as she is limited to no more than light exertional work.

(R. 21.) Additionally, the medical records on which the ALJ relied in evaluating Harris' ability to work consistently reflect Harris' height, weight and body mass index and note her obesity. As such, Harris' objection in this regard is overruled.

**C.**

Harris also contends the magistrate judge erred in finding the ALJ's credibility determination was supported by substantial evidence. Specifically, Harris argues the magistrate judge erroneously relied upon Harris' conservative treatment for back pain and the fact that she was noncompliant

6

with her diabetic treatment in finding substantial evidence supports the ALJ's credibility assessement. The court finds no such error.

Harris testified that she can only sit and stand for five minutes at a time before needing to change positions, that she has to lie down about three times each day for five minutes, and that her level of activity has diminished over time as a result of her back condition. (R. 45-47.) Both the magistrate judge and the ALJ correctly point to Harris' conservative treatment history, which has consisted of physical therapy and anti-inflammatory medication, as reason to discount Harris' testimony as to the severity of her limitations. As the ALJ pointed out, "[s]he has not been placed on a narcotic pain medication regimen, which suggests that her pain is not of undue severity." (R. 21.)

The record is sparse with respect to documentation of Harris' back condition, aside from her complaints of chronic pain. Records from Dr. Nazli indicate an examination of Harris' back on April 30, 2009 was unremarkable, that she had a full range of motion without pain and negative straight leg raising. (R. 239.). Dr. Nazli noted on May 3, 2010 that an x-ray showed some osteoarthritic changes and prescribed naproxen. Urgent care records from July 2010 reveal increased muscle hypertonicity with point tenderness overlying the right lumbar paraspinal musculature but a neurological examination was normal, and Harris was advised to take anti-inflammatories for pain. (R. 361.) On November 1, 2010, notes indicate she had moderate paraspinal tenderness, negative straight leg raising, a normal sensory exam, and a normal motor exam in her lower extremities. (R. 478.) Harris was referred to physical therapy and she consistently attended therapy sessions. Notes indicate she made progress and generally reported decreased pain after her sessions (R. 399, 404, 409, 426, 431, 437, 449, 452, 526, 528, 529, 536), as well as a general improvement in decreased pain, increased strength, and increased range of motion (R. 533).

7

Case 7:13-cv-00024-MFU-RSB   Document 24   Filed 09/23/14   Page 7 of 9   Pageid#: 728

Harris was also referred to Dr. John Fraser for surgical consideration. He reported that Harris was "able to walk on her heels and toes and do knee bends well on either leg." (R. 583-84.) Her reflexes were normal, straight leg raise was negative bilaterally and she was able to touch the floor kneeling from a chair. (R. 584.) Dr. Fraser noted Harris "reports no specific interventions and I would, as always, recommend a trial of nonsurgical measures before considering surgery. The use of steroids, nonsteroidal anti-inflammatory medication, weight loss, physical therapy and an exercise program are all to be recommended." (R. 584.)

With respect to her diabetes treatment, Harris argues that her noncompliance is due to her difficulties with concentration. But that is not borne out in the records. Only one treatment note from April 18, 2011 indicates she complained of using the "Lantus different times of the day as she has trouble remembering to take it and misses doses 1-2 times per week." (R. 593.) Other records provide no explanation for her noncompliance or indicate she reported not checking her blood sugars because she "has been out of strips and lancets for some time" (R. 282, 346), she "damaged her 1 touch tester" (R. 258), and had "not tak[en] [diabetes mellitus] seriously until recent need for hysterectomy" (R. 570).

In sum, the court finds no basis for disturbing the ALJ's credibility determination in this case. See Johnson v. Barnhart, 434 F.3d 650, 658–59 (4th Cir. 2005) (per curiam) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). A claimant's statements alone are not enough to establish a physical or mental impairment. 20 C.F.R. § 416.928(a). Subjective evidence cannot take precedence over objective medical evidence or the lack thereof. Craig, 76 F.3d at 592 (quoting Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986)). Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v.

8

Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir.1989)).

### III.

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Harris objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: September 23, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge